# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RICHARD A. SCHMIDT #47454-083    *

    Petitioner    *

v.    *   Civil Action No. L-11-806
    Criminal No. AMD-04-052

UNITED STATES OF AMERICA    *

    Respondent    *

***

## MEMORANDUM

Pending is a Petition for Writ of Habeas Corpus filed pro se by Richard A. Schmidt requesting "dismissal " under 28 U.S.C. § 1651 of his convictions for travel by a United States citizen in foreign commerce with intent to engage in illicit sexual conduct with a minor and travel by a United States citizen in foreign commerce and engaging in illicit sexual conduct with a minor. For the reasons that follow, the Court finds the Petition, although captioned under § 1651 and the All Writs Act, is properly construed under 28 U.S.C. § 2255. The Court DISMISSES the Petition for lack of jurisdiction, and DECLINES to issue a Certificate of Appealability.

### PROCEDURAL BACKGROUND

On May 26, 2005, Schmidt was sentenced to 180 months imprisonment after pleading guilty in violation of 18 U.S.C. §§ 2423(b) and 2423(c). See ECF Nos. 27 and 28, Criminal No. AMD-04-052 (D. Md). Schmidt filed a Motion to Vacate under 28 U.S.C § 2255 which was denied and dismissed. Id., ECF Nos. 29 and 30; see also Schmidt v. United States, Civil Action No. AMD-07-889 (D.Md.). Schmidt did not appeal the denial of the Motion to Vacate.

### DISCUSSION

Common law writs of error are authorized by 28 U.S.C. §1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." These common law writs are extraordinary remedies and allowed under only compelling circumstances to "achieve justice" or to correct errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 511, 512-513 (1954). To the extent Schmidt challenges this Court's jurisdiction to accept his guilty plea and impose sentence, his claims are properly raised under 28 U.S.C. § 2255. [1]

---

[1] If Schmidt's claims for collateral relief were to be considered pursuant to 28 U.S.C.§ 2255, they would be dismissible without prejudice as successive and lacking appellate preauthorization or as untimely.

Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status. See e.g., Calderon v. Thompson, 523 U.S. 538, 554 (1998).

**CERTIFICATE OF APPEALABILITY**

Title 28 U.S.C. §2253(c) provides that an appeal of a decision filed under 28 U.S.C. §2255 may not be taken "unless a circuit justice or judge issues a certificate of appealability." To obtain a certificate of appealability under § 2253(c) a petitioner must make a "substantial showing" of a denial of a constitutional right by demonstrating that the "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam) (citing Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983)). Petitioner raises no arguments which cause this Court to view the issues as debatable, find that the issues could have been resolved differently, or conclude that the issues raise questions which warrant further review.

**CONCLUSION**

Schmidt provides no grounds to award the extraordinary relief contemplated under 28 U.S.C. § 1651. To the extent that he intends to collaterally challenge his convictions and sentences, this Court lacks jurisdiction to consider his § 2255 petition. A separate Order follows.

April 5, 2011                                     /s/
                                           _____
                                           Benson Everett Legg
                                           United States District Judge